## JONATHAN BUFFUM *versus* JOHN F. TILTON.

**If it** appears by inspection of the writs in two suits brought by the same plaintiff against the same defendant, that the cause of action in the second suit is, in a material and substantial part, the same as in the first, although other causes of action are declared on in the second, the pendency of the first may be pleaded in abatement of the second.

**W**here upon such plea in abatement and a replication of *nul tiel record*, it appeared that the declaration in the prior action contained a count on a promissory note, given by the defendant to the plaintiff, for the sum of $53·28, and a count for the sum of $800, money had and received, and the declaration in the second action contained a count for the sum of $1000, money had and received, it was *held*, that the two declarations were for the same cause of action, and the plea was sustained.

**If** the defendant pleads in abatement of a second action, the pendency of a prior action for the same cause, *as by the record appears,* and different causes of action really exist and are intended to be sued for, in the two actions, the plaintiff, instead of replying *nul tiel record,* should reply, specifying the demands for the recovery of which each action was instituted, and thus show that they were not for the same cause of action.

ASSUMPSIT. The writ, which was dated September 20, 1834, contained two counts. The first count was for the sum of $1000, money had and received, paid, lent, &c. The second count was on an *insimul computassent* for another sum of $1000.

At the March term 1835, of the Court of Common Pleas, the defendant pleaded in abatement, that previously to the commencement of the present action, to wit, at a term of that court in September 1834, the plaintiff impleaded the defendant in a plea of the case, and for the same cause in the decla-

ration above mentioned, as by the record thereof appeared, which action was pending when the present action was commenced, and was still pending, in this Court, and that the parties in the two actions, respectively, were the same persons.

The plaintiff replied, that there was not any such record ; and issue was joined thereon.

The writ in the prior action referred to in the plea, was dated June 30, 1834, and contained two counts. The first count was on a promissory note, dated June 28, 1834, for the sum of 53·28, payable to the plaintiff or his order, on demand ; and the second count was for the sum of $800, money had and received.

*Stickney*, for the defendant, cited *Commonwealth* v. *Churchill*, 5 Mass. R. 174 ; *Saunders* v. *Frost*, 5 Pick. 275 Gould's Pl. 283.

*Lord* and *Henshaw*, for the plaintiff.

SHAW C. J. delivered the opinion of the Court. The question is, whether the record produced supports the plea ; for if it does not, the issue must be found against the defendant, as there can be no averment admissible against the record. The substantial allegation is, that before &c., the plaintiff impleaded the defendant in a plea of the case for the same cause of action, as by the record thereof appears. The question is, upon the identity of the cause of action in the two writs.

The Court are of opinion, that where it appears by inspection, that the cause of action in the second suit, is in a material and substantial part, the same as in the first, although other causes of action are inserted in the second, it is, within the meaning of the rule of law, an action instituted for the same cause of action, and is good cause of abatement. The plea is allowed upon the maxim, that no man ought to be twice vexed with writs for the same cause.

Here the cause of action in the first suit, is a note under $100, which would be recoverable under the money count, and $800 money had and received. The count in the second suit for $1000 money had and received, would in legal contemplation precisely include the whole subject matter of the first. The averment in the plea is, that they were for the same

**Margin notes:**
Buffum
*v*
Tilton.

*Nov. 6th.*

*April term*
1836.

Buffum
*v.*
Tilton.

cause, and the record does not contradict, or control it. Where such a general mode of declaring is allowed, and where, though the declarations may be for the same cause, yet different causes of action really exist, and are intended to be sued for, in the different actions, and the plaintiff would avoid the plea, instead of pleading *nul tiel record*, he must reply and specify the demands, for the recovery of which each suit was commenced, and thus show that they were not for the same cause of action, though apparently identical on the record.

The judgment of the Court is, that there is such a record, and that the plea in abatement is good.